**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Frank J. Mazzaferro
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANCKY GABRIEL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>HOMYN ENTERPRISES CORP. D/B/A SECURE WRAP,<br><br>Defendant. | No:<br><br><br><br><br><br>CLASS ACTION COMPLAINT |

Francky Gabriel ("Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover untimely wage compensation and other damages for Plaintiff and similar hourly customer associates and machine operators and other similar manual labor positions (collectively, "Manual Workers") who work or have worked as manual workers for Homyn Enterprises Corp. d/b/a Secure Wrap ("Homyn" or "Defendants") in New York State.

2. Headquartered in Miami Florida, Homyn provides full-service baggage protection services to airport customers across 17 countries and in over 50 airports.

3. In New York, Homyn operates out of John F. Kennedy International Airport

("JKF") under the name Secure Wrap.

4. As a Manual Worker, Plaintiff was required to lift customer's baggage onto a machine that allowed him to wrap the customer's baggage in plastic wrap.

5. Defendant's Facebook account demonstrates the manual nature of Plaintiff's and other Manual Workers' position:



6. Moreover, videos taken by customers further demonstrate the manual nature of the work performed by Plaintiff and other Manual Workers.[1]

7. At all relevant times, Defendant has compensated Plaintiff and all other Manual

---

[1] Rod Squad, *Suitcase Wrapped In Plastic At JetBlue Terminal JFK Airport,* Jan. 8, 2017, available at https://www.youtube.com/watch?v=Mvk4P-6w2WM (last visited May 14, 2020).

2

Workers on a bi-weekly basis.

8. Despite being manual workers, Defendant has failed to properly pay Plaintiff and other Manual Workers their wages within seven calendar days after the end of the week in which these wages were earned.

9. In this regard, Defendant has failed to provide timely wages to Plaintiff and all other similar Manual Workers.

10. Plaintiff brings this action on behalf of himself and all other similar Manual Workers in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law, Article 6, §§ 191, 195. ("NYLL").

## THE PARTIES

**Plaintiff**

**Francky Gabriel**

11. Francky Gabriel ("Gabriel") is an adult individual who is a resident of the State of New York.

12. Gabriel has been employed by Homyn as a "Sales Associate and Machine Operator" in or around 2019.

13. Gabriel is a covered employee within the meaning of the NYLL.

**Defendants**

**Homyn Enterprises Corp.**

14. Homyn Enterprises Corp. is a foreign business corporation organized and existing under the laws of Florida.

15. Homyn Enterprises Corp.'s principal executive office is located at 4050 NW 29th Street, Miami, FL 33142.

16. Homyn Enterprises Corp. was and is a covered employer within the meaning of the NYLL, and at all times relevant, employed Plaintiff and similar employees.

17. Homyn Enterprises Corp. has maintained control, oversight, and direction over Plaintiff and similar employees, including timekeeping, payroll, and other employment practices that applied to them.

18. Homyn Enterprises Corp. applies the same employment policies, practices, and procedures to all Manual Workers in its operation, including policies, practices, and procedures with respect to payment of wages.

## JURISDICTION AND VENUE

19. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendant in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

20. The members of the proposed class are citizens of states different from that of Defendant.

21. There are at least 40 members in the proposed class.

22. Defendant is subject to personal jurisdiction in New York.

23. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant conducts business in this District.

## NEW YORK CLASS ACTION ALLEGATIONS

24. Plaintiff brings the First and Second Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

> All persons who work or have worked as Manual Workers for Homyn Enterprises Corp. d/b/a Secure Wrap in New York between May 18, 2014 and the date of final judgment in this matter (the "New York Class").

25. The members of the New York Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

26. There are more than one hundred members of the New York Class.

27. Plaintiff's claims are typical of those claims that could be alleged by any member of the New York Class, and the relief sought is typical of the relief which would be sought by each member of the New York Class in separate actions.

28. Plaintiff and the New York Class have all been injured in that they have been compensated in an untimely manner due to Defendant's common policies, practices, and patterns of conduct. Defendant's corporate-wide policies and practices affected everyone in the New York Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the New York Class.

29. Plaintiff is able to fairly and adequately protect the interests of the New York Class and has no interests antagonistic to the New York Class.

30. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiff and classes in wage and hour cases.

31. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similar persons to

prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

32. Common questions of law and fact exist as to the New York Class that predominate over any questions only affecting Plaintiff and/or each member of the New York Class individually and include, but are not limited to, the following:

> (a) whether Defendants compensated Plaintiff and the New York Class on a timely basis;
>
> (b) whether Defendants failed to furnish Plaintiff and the New York Class with an accurate statement of wages, as required by the NYLL.

## PLAINTIFF'S FACTUAL ALLEGATIONS

33. Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiff, individually, as follows:

**Francky Gabriel**

34. Gabriel was employed by Homyn as a Sales Associate and Machine Operator for several months in or around 2019.

35. During his employment, Gabriel worked for Defendant at JFK.

36. During his employment, over twenty-five percent of Gabriel's duties were physical tasks, including but not limited to: (1) lifting luggage onto Defendant's Secure Wrap machine; (2) operating Defendant's Secure Wrap machine; (3) wrapping luggage in plastic; (4) cutting plastic wrap; (5) lowering luggage and handing it to customers; and (6) keeping the Secure Wrap machine are clean.

37. Despite regularly spending more than twenty-five percent of his shift performing these physical tasks, Gabriel has been compensated by Defendants on a bi-weekly basis.

38. For example, for the week beginning on September 2, 2019 and ending September

15, 2019 Gabriel was paid his lawfully earned wages on September 20, 2019. **Exhibit A.**

```
Homyn Enterprises Corp (NY)                                          Earnings Statement
4050 NW 29 Street
Miami, FL 33142
                                                                Check Date:    September 20, 2019
                                                                Period Beginning:  Sept. 02, 2019
                                                                Period Ending:    Sept. 15, 2019
Francky Gabriel                                                 Check Number:          25718
Earnings    Rate   Hours  Employee Number  2199    Location      300       Net Pay         1,037.03
Reg         15.60  75.25  Amount  YTD Hrs  YTD Amt  Taxes/Deds    Amount  YTD Amt  Check Amount  1,037.03
            15.60  75.25  1173.90  139.25  2165.10  MED           20.07   35.00
OT          23.40   0.25     5.85    0.25     6.72  MED-HI
Comms'n      0.00            113.95         152.40  SS            85.82  149.66
OT           0.00              0.87           0.00  NY-NYC1 S/0   39.68   57.78
Retro Pay   15.60   5.75     89.70    5.75   89.70  FITW S/0     141.11  221.45
Total Gross Pay    81.25  1384.27  145.25  2413.92  NY S/0        57.25   82.12
                                                    NYFLI-E        2.11    3.69
                                                    NYSDI-E        1.20    3.30
                                                    Total Withholding  347.24  553.00
```

39.     In this regard, Defendant failed to pay Gabriel his wages earned timely as required by NYLL § 191(1)(a).

40.     Throughout his employment, Defendant failed to provide Gabriel with accurate wage statements as required by the NYLL.

## FIRST CAUSE OF ACTION
### New York Labor Law – Failure to Pay Timely Wages
### (Brought on behalf of Plaintiff and the New York Class)

41.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

42.     The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendant and protect Plaintiff and the New York Class.

43.     Defendant failed to pay Plaintiff and the New York Class on a timely basis as required by NYLL § 191(1)(a).

44.     Due to Defendant's violations of the NYLL, Plaintiff and the New York Class are

entitled to recover from Defendant the amount of their untimely paid wages as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## SECOND CAUSE OF ACTION
### New York Labor Law – Failure to Provide Accurate Wage Statements
### (Brought on behalf of Plaintiff and the New York Class)

45. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

46. Defendant failed to supply Plaintiff and the New York Class with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked per week, including overtime hours worked if applicable; deductions; and net wages.

47. Due to Defendant's violations of NYLL § 195(3), Plaintiff and the New York Class are entitled to statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide them with accurate wage statements, or a total of five thousand dollars each, as well as reasonable attorneys' fees and costs as provided for by NYLL, Article 6, § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similar persons, respectfully request that this Court grant the following relief:

A. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules

of Civil Procedure;

B. Designation of Plaintiff as representative of the NY Rule 23 Class and counsel of record as Class Counsel;

C. Liquidated damages permitted by law pursuant to the NYLL.

D. Statutory penalties of two hundred fifty dollars for each workday that Defendant failed to provide Plaintiff and the NY Rule 23 Class with accurate wage statements, or a total of five thousand dollars each, as provided for by NYLL, Article § 198;

E. Prejudgment and post-judgment interest;

F. Reasonable attorneys' fees and costs of the action; and

G. Such other relief as this Court shall deem just and proper.

Dated: New York, New York
       May 18, 2020

Respectfully submitted,

/s/ Brian S. Schaffer
Brian S. Schaffer

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Frank J. Mazzaferro
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

*Attorneys for Plaintiff and
the Putative Class*